

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/21/2025
```

March 20, 2025

<u>VIA CM/ECF</u>
Hon. Margaret M. Garnett, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10017

Re:   *Vantage Specialty Chemicals, Inc. v. Starr Surplus Lines Insurance Company et al.*,
      No. 1:25-cv-01311-MMG

Dear Judge Garnett:

This firm and the firm of Neal, Gerber & Eisenberg LLP represent Plaintiff Vantage Specialty Chemicals, Inc. ("Plaintiff" or "Vantage") in the above-referenced matter. The Court has scheduled an initial pretrial conference for Tuesday, April 1, 2025, with a proposed civil case management plan due March 25, 2025. [ECF No. 8.] On March 13, 2025, Defendant Starr Surplus Lines Insurance Company moved to dismiss Vantage's complaint for failure to state a claim [ECF Nos. 23-25] and simultaneously moved for a stay of discovery [ECF No. 26]. Defendant Ascot Specialty Insurance has not yet filed its responsive pleading, which is due on April 14, 2025 as a result of Ascot's agreement to waive service. [ECF No. 20.] The purpose of this letter is threefold. *First*, we write on behalf of all parties under Section I.B.5 of Your Honor's Individual Rules and Practices to respectfully request an adjournment of the April 1 initial pretrial conference. This is the parties' first request for an adjournment. *Second*, we write with the consent of Ascot's counsel to advise the Court that neither Plaintiff nor Ascot opposes Starr's motion for a stay of discovery pending the resolution of its motion to dismiss. *Third*, Vantage respectfully requests a four-week extension of time to oppose Starr's motion to dismiss. Starr's counsel consents to Vantage's extension request.

This case concerns a dispute over insurance coverage for more than 300 lawsuits filed by residents of Gurnee, Illinois claiming that they suffer from a variety of illnesses allegedly caused by exposure to ethylene oxide ("EtO") emitted from a facility that Plaintiff's wholly-owned subsidiary acquired in 2003 (the "EtO Lawsuits"). Plaintiff alleges that, at all relevant times, it was operating the Gurnee facility and emitting EtO pursuant to permits from the Illinois Environmental Protection Agency issued to its subsidiary and that all such emissions have always been within the limits of those permits. Defendants Starr and Ascot issued primary and excess liability insurance policies to Plaintiff. Plaintiff alleges that Defendants have wrongfully denied coverage for the EtO lawsuits filed during their policy periods. Plaintiff filed this breach of contract action to obtain indemnity for settlements that Plaintiff has become legally obligated to pay for the EtO lawsuits and to obtain reimbursement of over $8 million in defense costs that

Hon. Margaret M. Garnett, U.S.D.J.
March 20, 2025
Page 2



Plaintiff incurred defending itself in the EtO lawsuits after tendering the claims for coverage to Defendants on April 5, 2024.

Counsel for all parties conferred by video conference on the morning of Friday, March 14 to begin discussing the proposed civil case management plan currently due on Tuesday, March 25. Late the night before, Starr filed its motions to dismiss Plaintiff's complaint and to stay discovery, arguing that the "pollution exclusion" in Starr's policy negates coverage for the EtO Lawsuits. Much of the discussion amongst counsel focused on how to proceed in light of Starr's motion to dismiss, which is dispositive as to Starr if granted. Counsel also discussed Ascot's anticipated response to Plaintiff's complaint, which is due on April 14, about two weeks after the scheduled initial pretrial conference. Ascot's counsel advised that Ascot is still considering its options, but Ascot may also file a potentially case dispositive motion to dismiss. As a result of that discussion, and following discussions with their respective clients, the parties all agree that an adjournment of the initial pretrial conference until after any motions to dismiss are fully briefed or decided makes practical sense to allow the parties and the Court time to properly assess these issues.

Counsel are also in agreement that it would be beneficial for the parties to have the Court's ruling on the threshold legal issue raised in Starr's motion to dismiss regarding the applicability of the pollution exclusion before proceeding with discovery in this case. Plaintiff will raise strong arguments in opposition to Starr's motion to dismiss and any motion to dismiss filed by Ascot that the "permitted emissions" exception applies to the pollution exclusions in Defendants' policies. *See, e.g., See Sterigenics, U.S., LLC v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 619 F. Supp. 3d 852, 863 (N.D. Ill. 2022). However, Plaintiff acknowledges that the legal issue raised in Starr's motion has not yet been squarely resolved under New York law. For that reason, and because the narrow legal issue is potentially case dispositive, the parties agree that it would be inefficient for the parties and the Court to embark on expensive discovery until that threshold issue is resolved by the Court.

Plaintiff has come to this conclusion, in large part, because a related case is currently pending in state court in Illinois captioned *Illinois Union Insurance Company v. Vantage Specialty Chemicals, Inc.*, Case No. 2024 CH 05419 (the "Illinois Action"). The Illinois Action arises out of the same underlying EtO Lawsuits filed against Vantage out of which this action arises. As in this action, Vantage is seeking coverage in the Illinois Action for settlement and defense costs associated with the EtO Lawsuits. The core coverage issues—including the applicability of the permitted emissions exception to the pollution exclusion—are fundamentally similar in both cases. The primary difference between the two actions is that they involve different insurers (Chubb and AIG in the Illinois Action, and Starr and Ascot in this action). Plaintiff brought this separate action in this Court solely because, unlike the Chubb and AIG policies, the Starr and Ascot policies contain New York forum selection clauses. The parties in the Illinois Action have issued and are in the process of responding to written discovery and document demands. Due to the overlapping subject matter of the two actions, a stay of discovery in this case will not delay

Hon. Margaret M. Garnett, U.S.D.J.
March 20, 2025
Page 3



Vantage in gathering, reviewing, and producing responsive documents in the Illinois Action—many of which will likely be produced in this action if the Court denies Starr's motion to dismiss.

Separately, and irrespective of how the Court rules on the parties' other requests, Plaintiff respectfully requests a four-week extension of time to oppose Starr's motion, to and including April 24, 2025. Absent an extension, Plaintiff's opposition is due on March 27, 2025. Plaintiff's counsel requires additional time because the legal issue that is the subject of the motion to dismiss involves a dispositive question of law that New York courts have not had occasion to squarely address, which may require research and analysis of other states' laws, legislative history, and public policy considerations. And if Ascot files a motion to dismiss on April 14, the additional time will allow the parties to assess whether there is overlap between the two motions and, if so, whether there are efficiencies to be gained by potentially having them decided in tandem. No previous extensions have been requested or granted. Starr's counsel has graciously consented to this request.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

s/ *Brendan M. Walsh*
Brendan M. Walsh

cc: All Counsel of Record (via CM/ECF)

---

Application GRANTED. It is hereby ORDERED that the Initial Pretrial Conference scheduled for April 1, 2025, is ADJOURNED *sine die*. It is further ORDERED that the parties' briefing schedule on Defendant Starr Surplus Lines Insurance Company's ("Starr") motion to dismiss and Defendant Ascot Specialty Insurance's ("Ascot") anticipated motion to dismiss shall be as follows: Ascot shall file any motion to dismiss no later than **April 14, 2025**; Vantage Specialty Chemicals, Inc. shall file a consolidated opposition to both Starr and Ascot's motions to dismiss no later than **May 2, 2025**; and Starr and Ascot shall file their replies no later than **May 16, 2025**. It is further ORDERED that, on consent of all parties, discovery shall be STAYED pending the resolution of Starr and Ascot's motions to dismiss. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 26 & 28.

SO ORDERED. Date: 3/21/2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE